Law Office of James McGee, PLC
Steven Parnell Weaver
CA Bar #243000
325 W. Hospitality Lane, Suite 212
San Bernardino CA 92408
steven@mcgeeplc.com
909-571-5599

UNITED STATES CENTRAL DISTRICT COURT

STATE OF CALIFORNIA

| | |
|---|---|
| Luis Miguel Gonzalez, ) | Case No.: |
| ) | COMPLAINT FOR DAMAGES: |
| PLAINTIFF, ) | |
| vs. ) | - 42 U.S.C. Section 1983 |
| ) | and 1988: Excessive Force |
| CITY OF SAN BERNARDINO, ) | - Municipal Liability: |
| CITY OF SAN BERNARDINO ) | - Ratification |
| DEPUTY POLICE OFFICER ) | - Failure to Train |
| GALARZA #51165 and DOES 1- ) | - State Law Claims: |
| 5, inclusive, ) | - Battery by Law |
| ) | Enforcement Officer |
| DEFENDANTS ) | - Intentional Infliction of |
| ) | Emotional Distress; |
| ) | - Negligence |

DEMAND FOR JURY TRIAL

## <u>NATURE OF ACTION</u>

1.      This Complaint is an action for money damages brought pursuant to

42 U.S.C. Sections 1983 and 1988, the Fourteenth Amendment of the

United States Constitution and California Law against the City of San

1

Bernardino, Officer GALARZA #51165, and DOES 1-5, inclusive, and hereby allege as follows.

## **PRELIMINARY STATEMENTS**

2.     This civil rights and state tort action seeks compensatory and punitive damages for serious physical injuries sustained by MINOR PLAINTIFF LUIS MIGUEL GONZALEZ ("GONZALEZ" or "PLAINTIFF") when he was attacked and beaten by City of San Bernardino Police Department Officer GALARZA #51165 ("GALARZA") on May 1, 2022.

3.     The beating was excessive and unreasonable, particularly because GONZALEZ posed no immediate threat of death or serious bodily injury to any person at the time of the attack and was unarmed, compliant and had his hands in the air submitting to the officer's authority.

4. As a result of the beating, GONZALEZ endured pain and suffering, false charges and a false arrest.

5.     GONZALEZ also experienced and continues to experience mental and emotional distress from the physical injuries and feels stress and anxiety whenever he sees members of law enforcement. As a result of the beating, GONZALEZ has incurred medical expenses and expects to incur future medical expenses including therapy and counseling.

Complaint for Damages

## **JURISDICTION AND VENUE**

6.     This case arises under 42 U.S.C. § 1983 and 1988 as well as under California law. This court has subject matter jurisdiction over PLAINTIFF's federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction over PLAINTIFF's supplemental state law claims under 28 U.S.C. §1367 as those claims arise out of the same transactions and occurrences as PLAINTIFF's federal question claims.

7.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because all incidents, events, and occurrences giving rise to this action occurred in the City and the County of San Bernardino, California.

8.     The formal grievance process was exhausted by GONZALEZ. Notice of a claim was presented by GONZALEZ to the City of San Bernardino and  they failed to reply within 45 days as required by law.  The claim stated the time, place, cause, nature, and description of matter causing any injuries.

## **PARTIES**

9.     At all relevant times, PLAINTIFF was and is an individual residing in the County of San Bernardino, California.

3

10.    Defendant GALARZA is a police officer working for the City of San Bernardino Police Department ("DEPT") at the time of this incident.

11.    GALARZA was acting under color of state law and within the course and scope of his employment with the City of San Bernardino ("CITY") and its DEPT when he beat up GONZALEZ on May 1, 2022.

12.    GALARZA was acting with the complete authority and ratification of his principal, Defendant CITY, at all relevant times.

13.    Defendants DOES 1 – 5 ("SUPERVISORY DOES") are managerial, supervisorial, and policymaking employees of the San Bernardino Police Department, who at all relevant times were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the San Bernardino Police Department. At all relevant times, SUPERVISORY DOES were acting with the complete authority and ratification of their principal, Defendant CITY.

14.    On information and belief, at all relevant times, DOES 1-5 were residents of the County of San Bernardino.

15.    At all relevant times, Defendant CITY is and was a duly organized public entity, form unknown, existing under the laws of the State of California.

Complaint for Damages

16. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the San Bernardino Police Department and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the San Bernardino Police Department and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, the CITY was the employer of Defendants GALARZA and SUPERVISORY DOES.

17. In doing the acts and failing and omitting to act as hereinafter described, GALARZA was acting on the implied and actual permission and consent of SUPERVISORY DOES and the CITY.

18. In doing the acts and failing and omitting to act as hereinafter described Defendants SUPERVISORY DOES were acting on the implied and actual permission and consent of the CITY.

19. The true names and capacities, whether individual, corporate, association, or otherwise of Defendants DOES 1-5, inclusive, are unknown to PLAINTIFF, who otherwise sues these Defendants by such

fictitious names. PLAINTIFF will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

20. At all times mentioned herein, each and every Defendant was the Agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

21. All of the acts complained of herein by PLAINTIFF against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

22. All Defendants who are natural persons, including GALARZA and DOES 1-5, are sued individually and in their official capacities as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the San Bernardino Police Department.

6

23. PLAINTIFF suffered injuries as a direct and proximate result of the Actions of GALARZA. GALARZA is directly liable for PLAINTIFF's injuries and damages under federal law pursuant to 42 U.S.C. § 1983.

24. Defendants CITY and SUPERVISORY DOES are liable for PLAINTIFF's injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2, 820, and 820.8.

**STATEMENT OF FACTS GIVING RISE TO THE PLAINTIFF GONZALEZ'S CAUSES OF ACTION**

25. PLAINTIFF re-alleges and incorporates the foregoing paragraphs as if set forth herein and further states that:

26. On May 1, 2022, at approximately 6:55 p.m., GALARZA was was conducting "proactive patrol" in the area of 295 Carousel Mall.

27. GALARZA saw PLAINTIFF walk toward the boarded-up wall that was being rammed by someone else.

28. Luis was heading toward a red "quad" and was pushed by GALARZA to the ground, and PLAINTIFF initially complied.

7

29.     GALARZA drew his service weapon on minors and Luis started to walk away with his quad vehicle.

30.     PLAINTIFF is never observed vandalizing anything.

31.     According to GALARZA's own video of the incident, GALARZA ran toward the PLAINTIFF and the PLAINTIFF placed his hands up and submitted to the authority of the GALARZA saying," All right, all right. I'm down. I'm down.  I'm down. I'm down.  I'm down.  I'm sorry".

32.     GALARZA proceeded to slam the PLAINTIFF's face into the concrete multiple times.

33.     GALARZA wrote a supplemental report saying the PLAINTIFF "brought both fists up and assumed a fighting stance as if he was going to assault me."

34.     GALARZA wrote in his supplemental report that PLAINTIFF forced GALARZA "to take action and deescalate the situation by using enough force to escort Luis to the ground and detain him."

35.     GALARZA's initial report says that Luis "brought his hands up toward his face.  Luis turned toward me and I used both of my hands to reach toward his upper body."

36.     GALARZA's initial report says that he grabbed Luis by the shoulder area and pulled him to the ground on his front side.

8

37. GALARZA's initial report says that he placed his right knee on PLAINTIFF's lower back and his left hand on the back of his head.

38. GALARZA's initial report says the PLAINTIFF tried to escape from him.

39. GALARZA slamming minor PLAINTIFF's head into the ground was excessive and objectively unreasonable and contrary to basic police officer training, including because PLAINTIFF posed no immediate threat of death or serious bodily injury to any person. PLAINTIFF had not threatened any person, had not committed any crime, and was unarmed at the time, thereby there was no excuse for GALARZA repeatedly slamming a minor's head into the ground.

40. GALARZA does not mention slamming the PLAINTIFF's head repeatedly or at all into the ground in either report.

41. GALARZA wrote a false police report.

42. GALARZA wrote a misleading police report.

43. GALARZA wrote an incomplete police report.

44. GALARZA admits in his report that after the incident, he noticed PLAINTIFF's mouth was bleeding and his lip was cut.

9

45. The PLAINTIFF was taken to Arrowhead Regional Medical Center and seen by Doctor G. Fenati, who noted a laceration to the PLAINTIFF's lower lip.

46. GALARZA caused PLAINTIFF's injuries to his head, mouth, and face.

47. PLAINTIFF was arrested and cite released for vandalism by GALARZA.

48. PLAINTIFF never vandalized anything.

49. PLAINTIFF's juvenile criminal case was dismissed by the District Attorney's office in the interest of justice.

50. GALARAZ failed to give PLAINTIFF a warning that he was going to slam

his head into the ground before attacking him.

51. GALARZA did not have probable cause to arrest PLAINTIFF.

52. After getting his head smashed into the ground repeatedly, PLAINTIFF is having trouble sleeping, concentrating and has frequent headaches.

53. As a result of the excessive beating, PLAINTIFF went to the hospital, and in addition to the physical pain, PLAINTIFF has incurred financial loss in the form of past and future medical expenses associated with therapy and possible brain functioning.

10

54.　As a result of this incident, PLAINTIFF has endured pain, suffering, emotional and mental distress stemming from the physical injuries.

## FIRST CLAIM FOR RELIEF –Fourteenth Amendment Claim of Excessive Force

### (42 USC 1983)

55.　PLAINTIFF GONZALEZ re-alleges and incorporates the foregoing paragraphs as if set forth herein and further states that:

56.　DEFENDANTS touched GONZALEZ in an offensive manner without his consent with excessive force causing a significant injury to his face by purposefully smashing it into the concrete, and this use of force was objectively unreasonable;

57.　The actions of the DEFENDANTS resulted in lacerations and bruises to GONZALEZ's face and was intentional, willful, malicious, oppressive, excessive, and unnecessary force under any circumstance;

58.　The DEFENDANT acted maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to maintain or restore discipline; and

59.　The DEFENDANTS' actions caused harm to the PLAINTIFF that was foreseeable and in fact resulted in physical and emotional harm to the

PLAINTIFF; and the DEFENDANTs are thereby liable for compensatory damages under 42 U.S.C. Section 1983;

60.    There was no need to use any force in this instance, much alone the amount used;

61.    The extent of the injury ranges from moderate to unknown, due to PLAINTIFF'S head being smashed into concrete.

62.    There was no threat perceived by or made to the DEFENDANT.

63.    There was no warning or order to comply before this force was used;

64.    The DEFENDANT wrote a false police report to justify his unreasonable use of force.

65.    PLAINTIFF further claims all of PLAINTIFF's attorney's fees and costs incurred and to be incurred in PLAINTIFF's presenting, maintaining, and prosecuting this action under 42 U.S.C, 1988;

66.    The action of the DEFENDANT was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT.

67.    PLAINTIFF seeks compensatory damages for the violations of his rights,

12

including damages for past and future medical expenses, past and future

loss of earnings and decreased earning capacity, physical injuries, past

and future pain and suffering, emotional and mental distress stemming

from the physical injuries.

68.    PLAINTIFF also seeks punitive damages, costs, and attorney's fees

    under this claim.


## SECOND CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(By PLAINTIFF against Defendants CITY and SUPERVISORY

DOES)

69.    PLAINTIFF re-alleges and incorporates the foregoing paragraphs as

    if set forth herein and further states that:

70.    At all relevant times, GALARZA was acting under color of state law.

71.    The acts of GALARZA as described above, including detaining

    PLAINTIFF without reasonable suspicion, arresting him without probable

    cause, excessively beating PLAINTIFF, and trying to lie and cover it up,

    deprived PLAINTIFF of his rights under the United States Constitution.

72.    Upon information and belief, a final policymaker, acting under color of

    law, who had final policymaking authority concerning the acts of

GALARZA, ratified (or will ratify) GALARZA's acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendants GALARZA's acts, which include use of excessive force against PLAINTIFF and allowing GALARZA to lie about it.

73. Upon information and belief, a final policymaker has determined (or will determine) that the acts of GALARZA were "within policy."

74. PLAINTIFF seeks compensatory damages for the violations of his rights including damages for past and future medical expenses, physical injuries, past and future pain and suffering, and emotional and mental distress stemming from the physical injuries.

75. PLAINTIFF also seeks costs and attorney's fees under this claim.


## **THIRD CLAIM FOR RELIEF**

### **Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(By PLAINTIFF against Defendants CITY and SUPERVISORY DOES)

76. PLAINTIFF re-alleges and incorporates the foregoing paragraphs as if set forth herein and further states that:

77. At all relevant times, GALARZA was acting under color of state law.

78.     The acts of GALARZA deprived PLAINTIFF of his rights under the United States Constitution.

79.     The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

80.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately. Specifically, the CITY failed to adequately train its officers with respect to detentions and arrests, tactics, use of less-lethal options, and the use of deadly force, including determining whether the use of deadly force is reasonable and appropriate under the circumstances regarding detaining a minor with excessive force.

81.     The failure of Defendant CITY to provide adequate training caused the deprivation of the PLAINTIFF's rights by GALARZA; that is, the CITY's failure to train is so closely related to the deprivation of PLAINTIFF's rights as to be the moving force that caused the ultimate injury.

82.     By reason of the aforementioned acts and omissions, PLAINTIFF suffered serious bodily injury, pain and suffering and past and future emotional and mental distress, and financial loss. Accordingly,

Defendants CITY and SUPERVISORY DOES each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

83.     PLAINTIFF seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, and emotional and mental distress stemming from the physical injuries. PLAINTIFF also seeks punitive damages, costs, and attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

## – Battery by Law Enforcement Officer

84.     The PLAINTIFF re-alleges and incorporates the foregoing paragraphs as if set forth herein and further states that:

85.     DEFENDANT GALARZA intentionally touched PLAINTIFF by slamming his face into concrete repeatedly;

86.     DEFENDANT GALARZA used unreasonable force on PLAINTIFF;

87.     PLAINTIFF did not consent to the use of that force;

88.     PLAINTIFF was harmed; and

16

89.   DEFENDANT GALARZA's use of unreasonable force was a substantial factor in causing PLAINTIFF's harm;

90.   PLAINTIFF was wrongfully arrested, was not escaping and did not commit a crime in the DEFENDANT GALARZA's presence;

91.   PLAINTIFF did not reasonably appear to pose an immediate threat to the safety of DEFENDANT GALARZA or anyone else as he was a minor with his hands up submitting when he was attacked;

92.   There was a petty crime at issue not being committed by the PLAINTIFF at the time of DEFENDANT' GALARZA's actions in that another minor was attempting to enter an abandoned building; and

93.   PLAINTIFF was not actively resisting arrest or detention or attempting to evade such.

94.   The PLAINTIFF re-alleges and incorporates paragraphs 66-69 regarding PLAINTIFF's request for damages and attorneys' fees as if set forth herein this Count.

### **FIFTH CLAIM FOR RELIEF**

### **– Intentional Infliction of Emotional Distress**

95.  The PLAINTIFF re-alleges and incorporates the foregoing paragraphs as if set forth herein and further states that:

96.  DEFENDANT GALARZA engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing PLAINTIFF to suffer emotional distress by bending IW's left arm back, while he screamed in pain, and asked him to stop until it broke, because a disabled person with a hearing issue was loud.

97.  By purposefully smashing minor PLAINTIFF's head into the ground, DEFENDANT GALARZA intended to cause injury, pain, and emotional distress to a child;

98.  PLAINTIFF suffered severe emotional distress in suffering an excessive attack by the DEFENDANT GALARZA;

99.  DEFENDANT GALARZA's conduct was the substantial and in-fact only factor in causing IPLAINTIFF's severe emotional distress;

100.  DEFENDANT GALARZA's abused a position of authority that gave him real and apparent power to affect PLAINTIFF's interest, and in fact did so by arresting PLAINTIFF and writing a false police report for the purpose of securing a false conviction;

101.  DEFENDANT GALARZA's knew that PLAINTIFF was a minor and was therefore particularly vulnerable to emotional distress;

Complaint for Damages

102.  DEFENDANT GALARZA's knew that his conduct would likely, and in-fact result in harm due to mental distress as he smashed minor PLAINTIFF's head into the ground multiple times while he was screaming in pain;

103.  DEFENDANT GALARZA knew that emotional distress would probably result

from his conduct as he heard he used his authority and his dominance as an adult excessively over a child.

104.  DEFENDANT GALARZA gave little or no thought to the probable effects of his conduct because he smashed minor PLAINTIFF's head into the ground several times unnecessarily.

105.  PLAINTIFF's distress was not mild or brief and is ongoing in that he is traumatized by the sight of police and no reasonable minor in a civilized society should be expected to bear the pain of having their face smashed into the ground by law enforcement for no reason at all repeatedly.

106.  DEFENDANT GALARZA was not exercising his legal right to anything as there was no cause for his behavior;

107.  DEFENDANT GALARZA 's conduct was not lawful and was inconsistent with community standards; and

108. DEFENDANT GALARZA did not have a good-faith belief that he had a legal right to engage in the conduct as minor PLAINTIFF was submitting to authority

109. The PLAINTIFF re-alleges and incorporates paragraphs 66-69 regarding PLAINTIFF's request for damages and attorneys' fees as if set forth herein this Count.

## SIXTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(By PLAINTIFF against all Defendants)

110. PLAINTIFF re-alleges and incorporates the foregoing paragraphs as if set forth herein and further states that:

111. The following actions and inactions of Defendants were negligent and reckless, including but not limited to:

112. (a) GALARZA'S failure to properly and adequately assess the need to detain, arrest, and the use of excessive force against PLAINTIFF;

113. (b) GALARZA'S negligent tactics and handling of the situation with PLAINTIFF, including pre-shooting negligence and the failure to give PLAINTIFF a warning prior to excessive force being used;

114. (c) GALARZA'S negligent detention, arrest, and use of force, including excessive force, against PLAINTIFF;

115. (d) the failure to properly train and supervise employees, including GALARZA;

116. (e) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of PLAINTIFF.

117. As a direct and proximate result of DEFEDNANTS' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF suffered past and future financial loss, serious and permanent physical injuries, and past and future emotional and mental distress.

118. The CITY is vicariously liable for the wrongful acts of GALARZA and Defendants DOES 1-5 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

119. Defendants SUPERVISORY DOES are vicariously liable under California law and the doctrine of *respondeat superior*.

120. GALARZA's conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for PLAINTIFF's rights, justifying an award of exemplary and punitive damages as to GALARZA.

121.  PLAINTIFF brings this claim in his individual capacity and seeks

compensatory damages for the violations of his rights, including

damages for past and future medical expenses, past and future loss of

earnings and decreased earning capacity, physical injuries, past and

future pain and suffering, emotional and mental distress stemming from

the physical injuries and attorney's fees under California Civil Code

Section 52 *et seq*. as to this claim.

## PRAYER FOR RELIEF

WHEREFORE, the PLAINTIFF LUIS GONZALEZ demands judgment

against each and every DEFENDANT individually and joints as

DEFENDANTS and prays for relief as follows:

1.) Compensatory damages in an amount according to proof, which is

fair, just and reasonable;

2.) Punitive and exemplary damages under federal and California law, in

an amount according to proof and in an amount which is fair, just, and

reasonable against each individual DEFENDANT as authorized by

law.

22

Complaint for Damages

3.) All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C 1983 and 1988; California Code of Civil Procedure 377.20 et seq., 377.60 et seq., and 1021.5; California Civil Code 52 et seq., 52.1; and as otherwise may be allowed by California and/or Federal law; and

4.) For such other and further relief as the Court deems just and proper.

Dated: February 8, 2023

_____

Steven Parnell Weaver

ATTORNEY FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

The PLAINTIFF hereby demands a jury trial on each and every count.

Dated: February 8, 2023

_____

Steven Parnell Weaver

ATTORNEY FOR PLAINTIFF

Complaint for Damages